# AUNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EZEKEIL MAZA** *a/k/a* **Joe Harris,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 14-639 (RMC)** |
| ) | |
| **NANCY M. WARE,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM OPINION

Joe Curtis Harris, also known as Ezekiel Maza, sues Nancy M. Ware, Director, Court Services and Offender Supervision Agency for the District of Columbia; Stacia Hylton, Director, United States Marshals Service (USMS); Floriano Whitwell, Senior Inspector, USMS (collectively, the Federal Defendants); and Cathy Lanier, Chief of the Metropolitan Police Department of the District of Columbia (collectively, Defendants).  Proceeding *pro se,* Mr. Harris complains that Defendants cannot hold him to the registration and notification requirements of the Adam Walsh Child Protection and Safety Act of 2006, *see* 42 U.S.C. § 16901, *et seq.*, and related D.C. sex offender registration statutes.[1]  Mr. Harris argues that these requirements violate his rights under the Ex Post Facto clause of the United States Constitution because the sex crimes for which he was required to register took place in the 1980s and 1990s, long before the registration laws were adopted.  Federal Defendants and Chief Lanier separately move to dismiss.  Mr. Harris filed an opposition, to which none of the Defendants filed a Reply.  For reasons set forth below, the Court will grant Defendants' Motions to Dismiss.

---

[1] Mr. Harris refers to the registration statute as the "John Walsh Act of 2006."  *Id.*

# I.   BACKGROUND

## A.  Mr. Harris's Civil Case

Mr. Harris filed this civil suit under the name Ezekiel Maza (also acknowledging his name as Joe Curtis Harris) in the Superior Court of the District of Columbia on February 21, 2014.  Notice of Removal, Ex. A (Superior Ct. Compl.) [Dkt. 1-1] at 2.  Mr. Harris complains that by requiring him to register as a sex offender, Defendants violated his rights under the Ex Post Facto Clause (U.S. Const. art. I, § 9, cl. 3) because his prior sex offense convictions occurred in 1987 and 1999, long before passage of the Sex Offender Registration and Notification Act (SORNA) and the Adam Walsh Act of 2006.[2]  *Id.* at 7.  Mr. Harris seeks $6,000,000, "protection from future harm," an injunction to restrain all Defendants from contacting him, his friends, or his place of employment, among others, and for "all actions involving said practices described in this complaint to be halted."  *Id.* at 11.  On June 2, 2014, the Federal Defendants and Defendant Lanier filed motions to dismiss.  *See* Dkts. 7, 8.

## B.  Mr. Harris's Criminal Proceedings

On July 16, 2014, Mr. Harris was indicted in a separate criminal prosecution for failing to register, update and verify his sex offender registration (and specific residence) as required by SORNA, in violation of 18 U.S.C. § 2250(a).  *See United States v. Harris*, Criminal Case No. 14-150, Indictment [Dkt. 1].

---

[2]  SORNA is Title I of the Adam Walsh Child Protection and Safety Act, Pub, L. No. 109-248, 120 Stat. 587 (codified as amended in several sections of 18 and 42 U.S.C.).  *See* 42 U.S.C. § 16901.

On November 20, 2014, Mr. Harris pled guilty before this Court to Count Two of an Indictment for failing to register, update, and verify his address.[3]  By his signature to the Statement of Offense, and in the course of his plea colloquy, Mr. Harris agreed that the government could prove that he had failed to update and verify his registration with the D.C. Sex Offender Registry between November 1, 2012 and January 7, 2014, in violation of federal law.

In taking Mr. Harris's plea, the Court first advised him that a plea of guilty to Count Two of the Indictment in Criminal Case No. 14-150 would severely undercut his arguments in his civil case.  Mr. Harris acknowledged that he had been advised by his counsel that the D.C. Circuit Court of Appeals had already ruled against his legal position in his civil lawsuit, *see Anderson v. Holder*, 647 F.3d 1165 (D.C. Cir. 2010), and that his guilty plea was contrary to his legal position in his civil suit.  Nevertheless, he agreed to proceed with the guilty plea.  His responses during the colloquy persuaded the Court that he understood the gravity of what he was doing and that his plea was entirely voluntary and thus, the Court accepted his plea. Mr. Harris was sentenced on February 24, 2015.

## II.   LEGAL STANDARDS

### A.  Failure to State a Claim

Complaints filed by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), but even pro se litigants must comply with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Here, Defendants have filed Rule 12(b)(6) motions to dismiss

---

[3] Mr. Harris was indicted on four counts for failing to register at two different addresses in Washington, D.C., and two different places of employment in Maryland and Virginia.

filed by for failure to state a claim, challenging the adequacy of Mr. Harris's Complaint on its face.

A complaint must be sufficient "to give a defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007) (internal citations omitted). Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A court must treat the complaint's factual allegations as true, "even if doubtful in fact," *id.*, but a court need not accept as true legal conclusions set forth in a complaint, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." *Twombly*, 550 U.S. at 570. A complaint must allege sufficient facts that would allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678-79. In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007).

### III.   ANALYSIS

Federal Defendants correctly note that the local statute governing Mr. Harris's registration and notification requirements in the District of Columbia is the Sex Offender Registration Act of 1999 (DC SORA). D.C. Code §§ 22-4001 *et seq.* SORNA, a federal statute, sets forth minimum standards for sex offender registration and conditions certain federal funding

on the States' adoption of such laws.  See 42 U.S.C. §§ 16901 *et seq.*  DC SORA is the means through which the District of Columbia implements sex offender registration requirements.

Federal Defendants argue that the D.C. Circuit's decision in *Anderson v. Holder*, 647 F.3d 1165 (D.C. Cir. 2010), precludes Mr. Harris's legal position in this civil lawsuit. *Anderson* held that DC SORA, which requires repeat sex offenders to register, is "civil and nonpunitive," *id.* at 1169, and thus does not "'constitute[ ] retroactive punishment forbidden by the Ex Post Facto Clause.'"  *Id.* at 1168 (quoting *Smith v. Doe*, 538 U.S. 84, 92 (2003)).  Under DC SORA, "[a] sex offender who lives, resides, or works in the District of Columbia and who '[c]ommitted a registration offense at any time and is in custody or under supervision on or after July 11, 2000,' is required to register . . . , and the registration period continues throughout the offender's lifetime . . . ."  *Ramsey v. Faust*, 943 F. Supp. 2d 77, 83 (D.D.C. 2013) (citing D.C. Code § 22-4008(9)(B)).  In addition to the federal circuit, the D.C. Court of Appeals has also upheld the application of DC SORA to an offender, such as Mr. Harris, who was convicted of an out-of state offense years before DC SORA became law.  *See, e.g., In re W.M.*, 851 A.2d 431 (D.C. 2004).

*Anderson* therefore makes clear that Mr. Harris's obligation to register as a sex offender in the District of Columbia, despite the fact that he was convicted prior to the passage of laws requiring such registration, is not a violation of the Ex Post Facto Clause.  Furthermore, Mr. Harris has now admitted that he violated SORNA, which required compliance with DC SORA's registration and notification procedures for convicted sex offenders.  *See United States v. Joe Harris*, Criminal Case No. 14-150, Plea Agreement [Dkt. 12] and Statement of Offense [Dkt 13]. As Mr. Harris has acknowledged, he was convicted of sex offenses in the states of Washington and Georgia and was required by Georgia to register as a sex offender in any venue in which he

might live or work.  Recognizing these obligations, he initially registered with the District of

Columbia when he moved to this city, in compliance with his Georgia conviction and DC

SORA; there is no dispute that Mr. Harris was advised of his obligations under DC SORA to re-

register every three months.  *See* Statement of Offense at 1.  Specifically, Mr. Harris admitted

that, between November 1, 2012 and January 7, 2014, he ignored and failed to meet his DC

SORA obligations by failing to register as a sex offender under SORNA.  *Id.* at 4.  He also

admitted that (1) he crossed State lines (between Georgia and D.C. and between D.C. and

Maryland for his job) without notifying the District of Columbia of his work activities in

different States or his residential relocations within the District of Columbia, and (2) that he

failed to keep his registration current and update his address.  *Id.*  These admissions not only

suffice for criminal liability but also doom his civil claims that enforcement of SORNA by

federal or D.C. officials violate his rights.

      With respect to Defendant Lanier, the Court finds that Mr. Harris's Complaint

fails to allege any wrongful conduct by her, as Chief of the District of Columbia Metropolitan

Police Department, or by the Metropolitan Police Department itself, that might have violated Mr.

Harris's rights.  Accordingly, Chief Lanier will be dismissed.

## IV.  CONCLUSION

      For the reasons stated above, the Court will grant the Federal Defendants' Motion

to Dismiss [Dkt. 7] and will also grant Defendant Lanier's Motion to Dismiss [Dkt. 8].  A

memorializing Order accompanies this Memorandum Opinion.


Date: February 25, 2015                 _____/s/_____
                                      ROSEMARY M. COLLYER
                                      United States District Judge